[No. 1487. Decided December 26, 1894.]

WYATT J. RUCKER ET AL., *Respondents, v.* STUDEBAKER BROTHERS MANUFACTURING COMPANY, *Appellant.*

LANDLORD AND TENANT—ACTION FOR RENT—SUFFICIENCY OF EVIDENCE.

In an action for the recovery of rent the plaintiff should be non-suited when the only evidence tending to show the defendant's tenancy is the fact that plaintiff and defendant had had negotiations looking to a lease of the premises, which, however, had never been consummated, and that the premises had been taken possession of by a sub-agent of defendant's agent, and used for the storage of defendant's goods, which such sub-agent held for sale on commission, under an agreement to pay all rent and storage charges.

*Appeal from Superior Court, Snohomish County.*

*Cooley & Horan,* for appellant.

*Crowley, Sullivan & Grosscup,* for respondents.

The opinion of the court was delivered by

STILES, J.—Respondents brought suit against the appellant, which is a corporation existing under the laws of Indi-

ana, for rent of premises alleged to have been occupied by it at an agreed rental of $35 per month. The answer contained a general denial of the occupation and the agreement to pay rent in any amount.

The evidence for the respondents showed that they had some conversation with a representative of appellant in regard to leasing a room for the transaction of its business at Everett, and respondents proposed to rent the room for ten dollars a month if Everett were made a distributing point for the lower Sound country, or at thirty-five dollars if a local business only were to be conducted there. It was agreed that respondent should prepare a lease and send it to Portland for signature, and this they did. In answer, a letter was returned asking that the lease, which called for ten dollars a month, be made to the appellant's general agent at Tacoma. Respondents then wrote that they would not make the lease to the Tacoma agent unless they received a guaranty that Everett should be appellant's distributing point for its goods on the Sound; if the room was to be used only for local trade the rent would be thirty-five dollars. The only reply to this was that the agent with whom the negotiation had taken place was absent, and the matter had been referred to him. There was no further correspondence or conversation. The blank lease was returned with the first of appellant's letters. But a short time after these incidents some one put Studebaker wagons and buggies into the room and they were dealt in from there by the Everett Trading Company, which had a general store next door. The respondents did not attempt to account for this occupation of their property, otherwise than as stated. No agent of appellant was there, no keys were given out, and nothing was said. A local business only was done, and respondents bought one of the wagons and gave the Everett Trading Company credit for it on its own account. Some months after this occupation commenced, respondents demanded rent of the Trading Company, and were told that it had nothing to do with the matter—that they must look to appellant. No-

thing was said to appellant until nine months had expired and the Everett Trading Company had failed.

We think these facts presented nothing for the jury, and that there should have been a non-suit. All the negotiations were clearly based on the proposition of a lease; but that was entirely abandoned. Even had the occupation been that of appellant, there would have been no contract. But the most that appeared was that Studebaker wagons were placed there for sale by the Everett Trading Company, not by appellant. Respondents say they understood the Trading Company to be the appellant's agent, but their understanding was founded only on the fact that wagons of appellant's manufacture were sold by it. No conclusion of any agency could follow from such premises.

Upon the whole case as it went to the jury upon the court's instructions, there ought to have been a verdict for defendant. The uncontradicted showing was that for several months the Trading Company was merely a sub-agent of the general agent at Tacoma, and that from June 29, 1893, it was selling these wagons under a commission contract which bound it to pay all charges for storage, rent, etc.

Judgment reversed and cause remanded for entry of a non-suit.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.